**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4714**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAMION MCCASKILL,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-00471-TLW-AL)

———————

Submitted:  April 30, 2007          Decided:  July 12, 2007

———————

Before WILLIAMS, Chief Judge, and MOTZ and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas G. Nessler, Jr., Surfside Beach, South Carolina, for Appellant.  Jonathan Scott Gasser, Assistant United States Attorney, Columbia, South Carolina, Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damion McCaskill appeals his sentence to 180 months in prison and seven years of supervised release after pleading guilty to one count of conspiracy to distribute fifty grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846 (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2000). McCaskill's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 in taking McCaskill's guilty plea and whether his sentence is reasonable. The Government has not filed an answering brief. McCaskill was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting McCaskill's guilty plea, but he alleges no error by the district court and concludes the court fully complied with the rule. Since McCaskill did not move in the district court to withdraw his guilty plea, we review any challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th

- 2 -

Cir. 2002). We have reviewed the record and find no plain error in the district court's acceptance of McCaskill's guilty plea.

Appellate counsel next questions whether McCaskill's sentence is reasonable, but he alleges no error by the district court and concludes the sentence is "clearly reasonable." We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). A sentence may be unreasonable for both substantive and procedural reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence. Id. at 455-56. In considering whether the sentence is unreasonable, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Issues that are not raised in the district court are reviewed for plain error. Hughes, 401 F.3d at 547.

We have reviewed the record and conclude McCaskill's sentence is reasonable. McCaskill admitted he had at least one prior conviction for a felony drug offense, subjecting him to the mandatory minimum sentence of twenty years in prison on the conspiracy count pursuant to 21 U.S.C. § 841(b)(1)(A) (2000). The Government filed an information under 21 U.S.C. § 851(a)(1) (2000) stating the prior convictions to be relied upon, and in accordance with the parties' plea agreement, only relied on one of them at sentencing. McCaskill affirmed the conviction and understood he could not later attack his sentence by challenging the conviction.

By virtue of his guilty plea, McCaskill was subject to a mandatory consecutive sixty-month term on the firearm possession count pursuant to 18 U.S.C. § 924(c) (2000); U.S. Sentencing Guidelines Manual ("USSG") § 2K2.4(b) (2004). Because his initial guideline range on the conspiracy count was lower than the mandatory statutory minimum, the court determined his guideline sentence became 240 months and his aggregate guideline sentence was 300 months. The parties agreed with the court's calculations. The district court implemented mandatory statutory limitations and properly determined McCaskill's guideline sentence.

In accordance with the plea agreement, the Government moved for a downward departure based on substantial assistance, representing that McCaskill's early cooperation was extensive and valuable. Based on the Government's representations, the district

court found McCaskill's cooperation to be substantial and granted a four-level downward departure pursuant to 18 U.S.C. § 3553(e) (2000); USSG § 5K1.1. After the departure, the district court found McCaskill's aggregate guideline range was 168 to 210 months, and the parties stated they had no objection. As to where he should be sentenced, McCaskill argued he was a young man with a relatively minor criminal history, notwithstanding his two prior felony drug offenses, and he had done everything he could to cooperate with authorities. The district court sentenced him to a 120-month prison sentence on the conspiracy count and a consecutive sixty-month term on the firearm count. In sentencing him, the district court noted it had considered the advisory guidelines and the factors under 18 U.S.C. § 3553(a) (2000). The court explained its reasons for selecting the sentence, including McCaskill's cooperation and his prior criminal record.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

- 5 -

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>